# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SUNLUST PICTURES, LLC, ) | |
| ) | No. 12 C 1546 |
| Plaintiff, ) | |
| ) | |
| v. ) | Judge John J. Tharp |
| ) | |
| DOES 1-75, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Anonymous defendant, identified by the Internet Protocol ("IP") address 67.165.158.8 (herein referred to as "Doe"), moves to quash the portion of a subpoena directing Comcast Cable Holding Companies, LLC ("Comcast") to provide Doe's personal identifying information, and to enter an order severing Doe as a defendant in this matter. For the reasons stated below, Doe's motion is denied, except that the Court orders Comcast not to turn over Doe's telephone number. However, Doe is granted leave to proceed in this litigation under a pseudonym, and Plaintiff Sunlust Pictures, LLC ("Sunlust") is ordered not to use Doe's real name in any amended complaint or in any other public filing or communication without prior leave of Court.

**I. Background**

Sunlust is a producer of "adult entertainment content"—*i.e.*, pornography. Sunlust has filed suit against 75 "John Doe" defendants, alleging copyright infringement and civil conspiracy. Sunlust alleges that the defendants unlawfully downloaded and shared Sunlust's copyrighted work (specifically, a video entitled "Sunny Leone – Goddess" (the "Video")), using the BitTorrent file sharing protocol. According to the complaint, "BitTorrent protocol involves breaking a single large file into many small

1

pieces, which can be transferred much more quickly than a single large file and in turn redistributed much more quickly than a single large file." Cmplt. ¶ 17.

BitTorrent operates as follows (*see generally* Cmplt. ¶¶ 18-19): First, a user seeking to download a copy of a particular file locates on the internet and downloads a small "torrent" file, which is a file that contains information about particular content files available for download. The torrent file determines how the distribution of those content files will work and provides information about the "tracker" computer that will coordinate the distribution of pieces of the content file among users of the torrent (who are referred to as "peers"). Next, the user loads the torrent file into the "BitTorrent client" (a computer program that manages downloads and uploads using BitTorrent protocol), which automatically attempts to connect to the tracker listed in the torrent file. *Id.* The tracker responds with a list of peers and the BitTorrent client connects to those peers to begin downloading content file data from, and distributing data to, other peers. A group of peers who have downloaded the same torrent file and who are participating in the same BitTorrent client to download and upload the content file is known as a "swarm." When the download is complete for a given member of the swarm, the BitTorrent client continues distributing data from that user's computer to other peers in the swarm until the user manually disconnects from the swarm or the BitTorrent client otherwise does the same.

Sunlust alleges that each of the 75 John Doe defendants intentionally downloaded the torrent file particular to the Video, purposefully loaded that torrent file into their BitTorrent clients, entered into the same BitTorrent swarm particular to the Video, and reproduced and distributed the Video among themselves and to numerous third parties.

Sunlust further alleges that its "agents observed unlawful reproduction and distribution [of the Video] occurring among the IP addresses" assigned to the 75 Doe defendants. Cmplt. ¶ 4. Sunlust alleges upon information and belief that the defendants continue to act in concert via BitTorrent to illegally reproduce and distribute the Video.

Currently, Sunlust has named each John Doe defendant only by his or her IP address. Plaintiff has subpoenaed Comcast and other internet service providers for information identifying the owner of each IP address, pursuant to this Court's March 14, 2012, order granting Sunlust leave to take discovery.

Doe moves to quash the portion of a subpoena Plaintiff has issued to Comcast seeking information that would identify him,[1] and also for severance from the lawsuit based on improper joinder. In support of his motion, Doe submitted an affidavit stating that he did not download or view any portion of the Video, nor does he have any knowledge of the identity of the person who allegedly downloaded the Video. Doe denies participating in a BitTorrent swarm, and claims to have been travelling to the airport at the time that his or IP address was allegedly used to participate in illegal activity.

**II. Discussion**

Doe bases his argument in support of quashing the subpoena entirely upon his argument that Sunlust's joinder of 75 participants in a BitTorrent swarm is improper. He should be severed from the case, he argues, and severance would necessarily deprive Sunlust of any basis to seek his personal identifying information from Comcast.

---

[1] Because Doe is anonymous, the Court has no way of knowing his or her sex. For reasons of simplicity only, the Court will refer to Doe using masculine pronouns.

### A. Motion to Quash

Sunlust alleges that Doe lacks standing to bring a motion to quash a subpoena directed to Comcast, a nonparty. It argues that when a subpoena is directed to a nonparty, any motion to quash must generally be brought by that nonparty. Sunlust claims that "[t]he only exception to this general rule applicable here is a claim of privilege." Doc. 37 at 2. However, even a cursory review of the case law Sunlust cited reveals a second exception to the general rule for instances where, as here, the subpoena implicates a party's privacy interests. *See, e.g., Hard Drive Productions, Inc. v. Does 1-48*, No. 11-9062, 2012 WL 2196038, *3 (N.D. Ill. June 14, 2002) ("Generally, a party lacks standing to quash a subpoena issued to a nonparty unless the party has a claim of privilege attached to the information sought *or unless it implicates a party's privacy interests*.") (emphasis added). Courts have found standing in similar cases, even where the Movant's privacy interest is "minimal at best." *Malibu Media, LLC v. Does 1-25*, No. 12-362, 2012 WL 2367555, *2 (S.D. Cal. June 21, 2012). Because Doe has at least a minimal privacy interest in the information requested by subpoena, he has standing to object. *See Third Degree Films, Inc. v. Does 1-108*, No. 11-3007, 2012 WL 669055, *2 (D. Md. Feb. 28, 2012) ("however minimal or 'exceedingly small' the Doe Defendants' interests here are, parties need only have '*some* personal right or privilege in the information sought' to have standing to challenge a subpoena to a third party").

Though Doe has standing, he has not articulated any basis for quashing the subpoena independent of his arguments related to joinder. A court must quash a subpoena if, *inter alia*, it requires disclosure of privileged or other protected matter (and no exception or waiver applies), or compliance with the subpoena would place an undue

burden on the recipient. Fed. R. Civ. P. 45(c)(3)(A). In similar cases, anonymous defendants have argued that subpoenas should be quashed because they imposed an undue burden and because the defendant has denied liability. *See, e.g. Third Degree Films*, 2012 WL 669055, at *3-4. However, these arguments do not provide a basis to quash a subpoena and courts consistently reject them. The subpoena does not impose an undue burden on Doe because he is not the party directed to respond to it. *See id.* at *3; *Hard Drive Productions*, 2012 WL 2196038 at *3 ("the subpoenas do not burden [the anonymous defendant] because they do not require any action from [him]"). And "[i]t is well-settled that . . . general denials of liability cannot serve as a basis for quashing a subpoena." *First Time Videos, LLC v. Does 1-76*, 276 F.R.D. 254, 256 (N.D. Ill. 2011).

Therefore, Doe's argument that Sunlust improperly joined him in its complaint is his only potentially meritorious ground for quashing the subpoena.

### B. Motion to Sever For Misjoinder

A plaintiff may join defendants in a suit presenting any question of law or fact common to all defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2). A court may, on motion or on its own, add or drop a party or sever any claim against any party at any time. Fed. R. Civ. P. 21.

In support of his misjoinder argument, Doe argues that the mass joinder sought by Sunlust is "a litigation tactic that has become increasingly popular—and increasingly criticized—with producers of pornographic movies . . . who bring suit not hoping to litigate the matter but instead seeking to use the threat of disclosure of embarrassing

5

information to achieve quick settlements." Doc. 32 at 2. The Court recognizes that there is a split of authority over whether it is appropriate to join many anonymous defendants alleged to have participated in a single BitTorrent "swarm" in a single suit. *Compare, e.g., Digital Sins, Inc. v. Does 1-245*, No. 11-8170, 2012 WL 1744838, *2 (S.D.N.Y. May 15, 2012) ("where, as here, the plaintiff does no more than assert that the defendants merely committed the same type of violation in the same way, it does not satisfy the test for permissive joinder in a single lawsuit") (internal quotation omitted); *In re BitTorrent Adult Film Copyright Infringement Cases*, No. 11-3995, 2012 WL 1570765, *11 (E.D.N.Y. May 1, 2012) (finding joinder inappropriate because, among other reasons, allegations were insufficient to show that the defendants actually shared file bits with one another); *SBO Pictures, Inc. v. Does 1-57*, No. 12-22, 2012 WL 1415523, *2 (D. Md. Apr. 20, 2012) (denying joinder and stating that "the better-reasoned decisions have held that where a plaintiff has not plead that any defendant shared file pieces directly with one another, the first prong of the permissive joinder is not satisfied"); *Cinetel Films, Inc. v. Does 1-1,052*, --- F.Supp.2d ----, 2012 WL 1142272, *6 (D. Md. Apr. 4, 2012) (stating that "[a] majority of courts . . . have specifically held that the properties of BitTorrent are insufficient to support joinder"); *MCGIP, LLC v. Does 1-149*, No. 11-2331, 2011 WL 4352110, *3 (N.D. Cal. Sep. 16, 2011) (misjoinder where plaintiff "has failed to show that any of the 149 Doe defendants actually exchanged any piece of the seed file with one another"); *Hard Drive Productions, Inc. v. Does 1-188*, 809 F.Supp.2d 1150, 1164 (N.D. Cal. 2011) (finding no concerted action where plaintiff conceded that defendants "may not have been physically present in the swarm on the exact same day and time"); *Boy Racer, Inc. v. Does 1-60*, No. 11-1738, 2011 WL 3652521, at *4 (N.D. Cal. Aug. 19,

2011) (severing defendants where "Plaintiff does not plead facts showing that any particular defendant illegally shared plaintiff's work with any other particular defendant") *with Pacific Century Int'l v. Does 1-31*, No. 11-9064, 2012 WL 2129003, *2 (N.D. Ill. June 12, 2012) (allowing joinder where "the anonymous defendants participated in the same 'swarm'"); *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 244 (S.D.N.Y. Jan. 30, 2012) (declining to sever where "the Doe defendants were trading the exact same file as part of the same swarm"); *First Time Videos, LLC v. Does 1-76*, 276 F.R.D. 254, 257 (N.D. Ill. Aug. 16, 2011) (allowing joinder); *First Time Videos, LLC v. Does 1-500*, 276 F.R.D. 241, 252 (N.D. Ill. Aug. 9, 2011) (same); *Hard Drive Prods., Inc. v. Does 1-44*, No. 11-2828, at 3 (N.D. Ill. Aug. 9, 2011) (same).

Although the Court recognizes that courts "have increasingly accepted [defendants' arguments] and severed the defendants or quashed the subpoenas," *Pacific Century Int'l, Ltd. v. Does 1-37*, 282 F.R.D. 189, 2012 WL 1072312, *3 (N.D. Ill. Mar. 30, 2012), joinder is appropriate in this case because Sunlust has alleged sufficient facts to provide a basis for joinder of all of the defendants.

Specifically, Sunlust alleges in its complaint that the defendants participated in the swarm simultaneously and that it observed the defendants transferring data from the Video between themselves. Sunlust states that its "agents observed unlawful reproduction and distribution [of the Video] occurring ***among the IP addresses*** listed" as defendants. Cmplt. ¶ 4 (emphasis added). The Court takes this allegation to mean that Sunlust has observed at least some of the defendants simultaneously sharing the Video or portions of the Video with one another in the BitTorrent swarm. Sunlust also alleges,

upon information and belief,[2] that the defendants *continue* to act in concert to reproduce and distribute the Video through BitTorrent. *Id.* ¶ 1.

The courts that have denied joinder in the BitTorrent context have generally done so because the plaintiff failed to allege that the defendants simultaneously participated in a single swarm or that the defendants distributed files directly among themselves. But Sunlust's allegations here, taken as true (as they must be at present), overcome these objections. A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is plausible, based on these allegations, that Doe shared copyrighted data with others in the swarm including some or all of the other defendants.

Sunlust's civil conspiracy claim further supports joinder. Sunlust alleges that Doe and the other defendants entered into a conspiracy to unlawfully distribute the Video by joining a single BitTorrent swarm, and that (upon information and belief) Doe and the other defendants have not withdrawn from the conspiracy because they continue to act in concert to distribute the Video. By adequately alleging that the defendants were (and are) participating in the same swarm simultaneously and sharing the Video among one another, Sunlust has satisfactorily alleged that the defendants participated in the same transaction or series of transactions pursuant to Rule 20(a)(2)(A).

---

[2] Courts have continued to accept allegations on information and belief after *Twombly* and *Iqbal*. *See, e.g., Simonian v. Blistex, Inc.*, No. 10-1201, 2010 WL 4539450, *3 (N.D. Ill. Nov. 3, 2010) ("nothing in either *Twombly* or *Iqbal* suggests that pleading based upon 'information and belief' is necessarily deficient"); *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) ("The *Twombly* plausibility standard . . . does not prevent a plaintiff from pleading facts alleged upon information and belief where the facts are particularly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible.") (internal quotation and citations omitted).

8

As to the second requirement for joinder, this lawsuit appears to involve questions of law and fact common to all defendants, including whether Sunlust is a proper copyright holder, whether violations of the Copyright Act have occurred, and whether entering a BitTorrent swarm constitutes willful copyright infringement. *See Pacific Century Int'l*, 2012 WL 2129003, at *3. Doe argues that the defendants will likely raise individual defenses that "differ wildly." While this is undoubtedly true, it does not mean that joinder is improper pursuant to Fed. R. Civ. P. 20(a)(2)(B). Rule 20 requires only that "any question of law or fact [be] common to all defendants," not that *every* question of law or fact be common. *Id.* Accordingly, joinder is proper here, and the Court denies Doe's motion to sever for improper joinder.

Discovery of identifying information is necessary for this case to proceed (as it would be even if the Court severed Doe and other defendants). *See Pacific Century Int'l v. Does 1-31*, 2012 WL 1219003, *3. Accordingly, the Court denies the motion to quash the subpoena, except to the extent that it seeks Doe's phone number, and the Court cautions Sunlust that, as a represented party, Doe should be contacted only through his attorneys. The Court further notes that its ruling on joinder is based, at present, on the allegations of the operative complaint, which must be taken as true. As facts are developed in this case, the question of joinder may be revisited if the factual predicate set forth in the complaint—namely, that the defendants simultaneously shared data from the Video—cannot be established.

### C. Abusive Litigation Practices

The Court is not insensitive to Doe's claim that plaintiffs will use mass joinder merely to discover defendants' identities, and then "use the threat of disclosure of

embarrassing information to achieve quick settlements." Judges within this district have recognized that plaintiffs in these types of cases might unfairly threaten to disclose defendants' identities in order to improperly leverage settlement negotiations. *See Hard Drive Productions v. Does 1-48*, No. 11-9062, 2012 WL 2196038, *6 (N.D. Ill. June 14, 2012) (warning plaintiff to consider Rule 11 before naming defendant who disputed that he had illegally downloaded pornographic movie).

The Court will, therefore, exercise its discretionary power to allow Doe to proceed, at least during the discovery phase of this suit, under a pseudonym, and order Sunlust not to reveal his identity in any public filing or communication absent prior express authorization by this Court. The Court asked both Doe and Sunlust to provide supplemental briefing on this suggested course of action, and the parties do not dispute that the Court has discretion to take this action. Doe explicitly states that this is within the Court's discretion, Doc. 41 at 1, and Sunlust cites to *United States v. Microsoft Corp.*, 56 F.3d 1448, 1464 (D.C. Cir. 1995), which states that "it is within the discretion of the district court to grant [the defendant] the 'rare dispensation' of anonymity against the world (but not the plaintiff)." After reviewing the circumstances of this case, the Court finds that it involves "matters of a sensitive and highly personal nature," that the harm to the public interest in allowing Doe to remain anonymous at this stage of the litigation is small, and that Sunlust will not be unfairly prejudiced by that course of action.

The parties agree that in "matters of a sensitive and highly personal nature such as birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families," anonymous litigation may be permitted. *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712-13 (5th Cir. 1979).

A disputed allegation that Doe illegally downloaded (and presumably viewed) a pornographic movie fits within this framework. And because Doe (as a defendant) has not purposely availed himself of the courts, the public's interest in knowing his identity is weaker. Finally Sunlust will not be unfairly prejudiced because it will know Doe's true identity and can prosecute any claims that have legal merit. The only consequence to Sunlust that proceeding anonymously will be diminution of the threat of publicly disclosing Doe's identity (thereby embarrassing Doe) as leverage to force a settlement.

Balancing on one hand the potential embarrassment to Doe and the possibility that Sunlust could use inappropriate litigation tactics to "coerce" a settlement, and on the other hand the public's interest in knowing Doe's true identity and the risk of prejudice to Sunlust, the Court finds that allowing Doe to proceed by pseudonym is, at least at this stage of this suit, appropriate. The Court may revisit this issue, however, if the claims survive dispositive motions and appear to be heading for trial.

*  *  *

For the reasons stated above, Doe's motion to quash the subpoena and sever for improper joinder is denied, except that Sunlust's request for Doe's phone number is quashed. Doe is granted leave to proceed anonymously in this case, and Sunlust is ordered not to reveal his name or identifying information.

Date: August 27, 2012

John J. Tharp, Jr.
United States District Judge